**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | **C.A. No. 8:19-cv-02100-HMH-TER** |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CONSENT DECREE** |
| | ) | |
| **MEDTRONIC, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C § 12117(a) ("ADA"), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's complaint alleged that Defendant Medtronic, Inc. ("Medtronic" or the "Company") denied a reasonable accommodation to, denied permanent hire to, and discharged April Jackson ("Jackson") on the basis of her disability, in violation of the ADA. Medtronic denies the allegations in the Complaint. Likewise, the Commission does not disavow the allegations in its Complaint.

The Commission and Medtronic hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that:  (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as

provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      The following definitions shall apply to this Consent Decree:

   a.       "Direct employee" means any person who is applying for direct
   employment or is directly employed on a full- or part-time basis by Medtronic.

   b.      "Staffing firm" means a company that provides one or more temporary
   employees to Medtronic.

   c.      "Temporary employee" means any person who has received an offer from
   a staffing firm for placement at any of Medtronic's facilities or is employed at any
   of Medtronic's facilities on a full- or part-time basis, either temporarily or
   permanently, by or through a staffing firm.

2.      Medtronic shall not discriminate against any person on the basis of disability or any

other protected category within the meaning of the ADA, 42 U.S. Code § 12101 *et seq*.

3.      Medtronic shall not discriminate or retaliate against any person because of

opposition to any practice made unlawful under the ADA or because of the filing of a charge, the

giving of testimony or assistance, or the participation in any investigation, proceeding or hearing

under that statute.

4.      Medtronic shall pay April Jackson the sum of Seventy-Five Thousand Dollars and

Zero Cents ($75,000.00) in settlement of the claims raised in this action.  Medtronic shall make

payment by issuing a check payable to Jackson.  Payment shall be made within fifteen (15) days

after the Court approves this Consent Decree, and Medtronic shall mail the check to Jackson at an

2

address provided by the Commission.  Within ten (10) days after the check has been sent, Medtronic shall send to the Commission, a copy of the check and proof of its delivery to Jackson. Neither the Commission nor Medtronic make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Jackson may or may not incur on such payments under local, state, and/or federal law.

5.      Within ten (10) days of the entry of this Consent Decree by the Court, Medtronic shall eliminate from the Company's records pertaining to Jackson any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 436-2017-00602 and the related events that occurred thereafter, including this litigation.  Within ten (10) days of the entry of this Consent Decree by the Court, Medtronic shall change all references in its personnel records for Jackson from "terminated" to "assignment ended" and shall designate Jackson as eligible for direct hire and placement through a staffing firm. Within fifteen (15) days of the entry of this Consent Decree by the Court, Medtronic shall report compliance with this provision to the Commission.

6.      Medtronic shall provide Jackson with the attached letter of reference using the form attached hereto as Exhibit A.  Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Jackson at an address provided by the Commission. Jackson is free to disseminate the letter to potential employers.  Medtronic agrees that if it receives any inquiry about Jackson from a potential employer, it will provide a neutral reference limited to dates of employment and eligibility for rehire or placement in the manner consistent with Medtronic policy.

7.      Medtronic has in place a Workplace Accommodations policy, which it shall maintain throughout the term of this Consent Decree.  During the term of this Consent Decree,

3

Medtronic shall make its Workplace Accommodations policy available to all direct employees via the Company's established electronic portal. Within sixty (60) days of the entry of this Consent Decree, Medtronic shall distribute the Workplace Accommodations policy by sending an email containing a direct link to the policy to all direct employees. Further, Medtronic shall send an email containing a direct link to the Workplace Accommodations policy to (a) all direct employees hired during the term of the Consent Decree and (b) all temporary employees converted to direct employees during the term of the Consent Decree.

Medtronic shall make its Workplace Accommodations policy available to all temporary employees via its vendor management system, SAP Fieldglass.  Further, within sixty (60) days of the entry of this Consent Decree, Medtronic shall distribute the following to at least one (1) representative from each staffing firm that supplies one (1) or more temporary employee to Medtronic: (a) the Workplace Accommodations policy, and (b) written instructions that the staffing firm is to provide a hard copy of the Workplace Accommodations policy to each temporary employee currently placed to work at any Medtronic facility and to each temporary employee placed to work at any Medtronic facility during the term of the Consent Decree.

Medtronic shall report compliance with this paragraph to the Commission within seventy-five (75) days after entry of this Consent Decree.

8.    During the term of this Consent Decree, Medtronic shall provide training to all Human Resources Business Partners and all managers and supervisors responsible for implementing Medtronic's attendance and leave policies. Each training program shall include an explanation of the ADA and its requirements, the ADA's prohibition against "no fault" attendance policies, and the ADA's prohibition against retaliation in the workplace.  Each training program shall also include an explanation of Medtronic's Workplace Accommodations policy described in

paragraph 7, *supra*, and an explanation of the rights and responsibilities of employees, managers, and supervisors under the policy.

Human Resources Business Partners shall receive annual training. The first training shall be completed within one hundred eighty (180) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals.

Managers and supervisors responsible for implementing Medtronic's attendance and leave policies shall be required to participate in one training program, which shall be completed within one hundred eighty (180) days after entry of this Consent Decree by the Court.

At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov.  Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda.

Within fifteen (15) days after completion of each training program, Medtronic shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all individuals in attendance.

9.      Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Medtronic shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, at the Company's headquarters in Minneapolis, Minnesota, in a place where it is visible to employees, including temporary employees. If the Notice becomes defaced or unreadable, Medtronic shall replace it by posting another copy of the Notice.  Within forty-five (45) days after entry of this Consent Decree, Medtronic shall notify the Commission that the Notice has been posted pursuant to this provision.

10.     During the term of this Consent Decree, Medtronic shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree.  Each report will include the following information:

A.      Whether Medtronic has made any modifications to its Workplace Accommodations policy and, if so, a complete and detailed description of all modifications made, including the date of each modification and purpose of each modification;

B.      Whether Medtronic has resumed operations within the state of South Carolina, and if so the date operations resumed; and

C.      Whether Medtronic anticipates resuming operations within the state of South Carolina within the six-month period following the report and, if so, the anticipated date on which operations will resume. Provided, however, that Medtronic shall have no obligation to report to the EEOC pursuant to this subparagraph (C) until such time as the planned resumption of operations within South Carolina is a matter of public record or otherwise no longer confidential or proprietary to Medtronic or any business partner of Medtronic (e.g., a selling entity).

Additionally, if at any time Medtronic does resume operations in the state of South Carolina, each report thereafter shall also include the following information as it pertains to the South Carolina operations:

D.      The identity of all direct employees and temporary employees who made a request for accommodation pursuant to the ADA at any time during the reporting period, including by way of identification each person's name, address, telephone number, job title, and if employed through a staffing agency, the name of the staffing agency;

E.      For each individual identified in response to ¶11(E) above, state whether the individual's employment status has changed in any respect and if so, how (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

F.      For each individual whose employment status has changed as identified in ¶11(F) above, a detailed statement explaining why the individual's employment status has changed.

Medtronic shall provide the last-known phone number and address of any individual identified in response to ¶ 11(E) within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Medtronic shall send the Commission a "negative" report indicating no activity.

11.    The Commission may review compliance with this Consent Decree. Upon seventy-two (72) hours' notice by the EEOC to the point of contact identified in paragraph 14, below, the Commission may enter Medtronic's headquarters in Minneapolis, Minnesota and take the following actions: (a) examine and copy records relating to compliance with this decree, and (b) interview employees and temporary employees regarding Medtronic's compliance with this decree. If Medtronic resumes operations in the state of South Carolina, the Commission may enter Medtronic's South Carolina facilities and take the same actions described above upon seventy-two (72) hours' notice by the EEOC to the point of contact identified in paragraph 14, below.  The Commission may enter Medtronic's headquarters in Minneapolis, Minnesota without notice for the purpose of inspecting the posting required by paragraph 9, above.

12.    If anytime during the term of this Consent Decree, the Commission believes that Medtronic is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Medtronic.  Medtronic shall have twenty (20) days in which to investigate and respond to the allegations.  Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13.    The term of this Consent Decree shall be for two (2) years from its entry by the Court.

7

14.     All notices to Medtronic by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: William H. Foster at bfoster@littler.com.  If at any time during the term of this Consent Decree Medtronic's designated point of contact changes, Medtronic shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

15.     All reports or other documents sent to the Commission by Medtronic pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC  28202.

16.     Each party shall bear its own costs and attorney's fees.

17.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____               _____
Date                                                          Honorable Henry M. Herlong, Jr.
                                                                 Senior U.S. District Judge
                                                                 District of South Carolina

8

The parties jointly request that the Court approve and enter the Consent Decree:

DATED this the 21st day of May, 2020.

**Respectfully submitted:**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

KARA GIBBON HADEN
Acting Charlotte District Office
Regional Attorney

**s/ *Rachael S. Steenbergh-Tideswell***
RACHAEL S. STEENBERGH-TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1274
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

**With Consent:**

**MEDTRONIC, INC.**

**s/ *William H. Foster***
LITTLER MENDELSON, P.C.
William H. Foster, Esq.
Jill A. Evert, Esq.
110 E. Court Street, Suite 201
Greenville, SC 29601
BFoster@littler.com
JEvert@littler.com

**ATTORNEYS FOR DEFENDANT**

**CONSENT DECREE EXHIBIT A**
*EEOC v. Medtronic, Inc.*, C.A. No. 8:19-cv-02100-HMH-TER

[Medtronic's letterhead]


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of April Jackson. Ms. Jackson was a temporary employee who was assigned to work at Medtronic's Greenwood, South Carolina facility from October 3, 2016 through February 10, 2017, at which time the assignment ended.

During her assignment with Medtronic, Ms. Jackson held the position of a forklift operator/waste hauler.

We hope that this information about Ms. Jackson is helpful to you in considering her for employment.

Sincerely,



[Name]
[Position]

**CONSENT DECREE EXHIBIT B**
*EEOC v. Medtronic, Inc.*, C.A. No. 8:19-cv-02100-HMH-TER

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### GREENWOOD DIVISION

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | **C.A. No. 8:19-cv-02100-HMH-TER** |
| **OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **EMPLOYEE NOTICE** |
| | ) | |
| **MEDTRONIC, INC.,** | ) | |
| **Defendant.** | ) | |
| | ) | |

This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Medtronic, Inc. ("Medtronic") in a case of discrimination based on disability. Specifically, the EEOC alleged Medtronic discriminated against a temporary employee in violation of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA").

Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

Medtronic will comply with such federal law in all respects. Furthermore, Medtronic will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal

**CONSENT DECREE EXHIBIT B**
*EEOC v. Medtronic, Inc.*, **C.A. No. 8:19-cv-02100-HMH-TER**

Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL: _____, 2022.**